1   PACIFIC COAST LAW GROUP
    MARK A. GOLOVACH (Cal. Bar No. 220760)
2   501 West Broadway, Suite 800
    San Diego, California 92101
3   Telephone: 619/400-4895
    Facsimile: 619/684-3601
4
    TRAVIS, CALHOUN & CONLON, P.C.
5   ERIC G. CALHOUN
    1000 Providence Towers East
6   5001 Spring Valley Road
    Dallas, Texas 75244
7   Telephone: 972/934-4100
    Facsimile: 972/934-4101
8
    *Attorneys for Plaintiff*
9   *JAMES RAMSEY*

10

11                    UNITED STATES DISTRICT COURT
12
                    SOUTHERN DISTRICT OF CALIFORNIA
13

14
    JAMES RAMSEY, Individually and on Behalf )   Civil Action No.: **'11 CV 1545 DMS POR**
15  of All Others Similarly Situated,          )
                                               )
16              Plaintiff,                     )   **CLASS ACTION COMPLAINT**
                                               )
17        vs.                                  )   **JURY TRIAL DEMANDED**
                                               )
18  MERRIMAK ATM GROUP, LLC,                   )
    WORLDPAY US, INC., and DOES 1-10,          )
19  inclusive,                                 )
                                               )
20              Defendants.                    )
                                               )
21  _____ )

22

23

24

25

26

27

28

                    CLASS ACTION COMPLAINT

Plaintiff JAMES RAMSEY, individually, and on behalf of all others similarly situated ("Plaintiff"), alleges upon knowledge with respect to himself and upon information and belief based, in part, on the investigation of counsel, as follows:

## I.   PRELIMINARY STATEMENT

1.      Plaintiff brings this action, individually and on behalf of all others similarly situated, against Defendants (as defined in ¶ 13, *infra*) alleging violations of 15 U.S.C. § 1693 *et seq.*, commonly known as the Electronic Fund Transfer Act (the "Act"), and 12 C.F.R. § 205 *et seq.*, commonly known as Regulation E ("Regulation E"), which contains regulations promulgated by the Board of Governors of the Federal Reserve System to implement the Act (the Act and Regulation E shall hereinafter be collectively referred to as the "EFTA"). Plaintiff also asserts claims against Defendants for violations of the California Unfair Business Practices Act, Business and Professions Code §§ 17200, *et seq.* (the "UCL").

2.      The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer these services. The primary objective of the EFTA and Regulation E is the protection of consumers engaging in electronic fund transfers. 12 C.F.R. § 205.1(b). The EFTA requires specific disclosures be given by operators of any automated teller machine ("ATM") to users of an ATM, prior to the imposition of a fee for using an ATM. 15 U.S.C. § 1693b.

3.      The Congressional findings and declaration of purpose regarding the EFTA provides:

(a)     Rights and liabilities undefined

> The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers. However, due to unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial institutions and intermediaries in electronic fund transfers undefined.

(b)     Purposes

> It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights

CLASS ACTION COMPLAINT

1    4.      The EFTA specifically requires that an ATM *must* have a posted notice attached on

2    or at the machine informing consumers of the imposition of an ATM surcharge.  15 U.S.C. §

3    1693b(d)(3).

4    5.      This case is brought under the EFTA based upon the fact that Defendants have

5    imposed ATM fees on Plaintiff and other consumers without providing any posted notice as required

6    by the EFTA.

7    6.      Plaintiff, on behalf of himself and all others similarly situated, brings this class action

8    against Defendants based on Defendants' violation of the EFTA.  Plaintiff seeks, on behalf of

9    himself and the proposed class, statutory damages, costs and attorney's fees, all of which are

10   expressly made available by statute.  15 U.S.C. § 1693m.  Plaintiff does not seek actual damages.

11                            **II.     JURISDICTION**

12   7.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337

13   and 15 U.S.C. 1693m(g) because this action arises under the Electronic Fund Transfers Act, 15

14   U.S.C. § 1693 *et seq.*

15   8.      Venue in this judicial district is proper under 28 U.S.C. § 1391 in that this is the

16   judicial district in which a substantial part of the events or omissions giving rise to the claims

17   occurred.

18                              **III.    PARTIES**

19   9.      Plaintiff is a natural person who resides in San Diego County, California and used a

20   certain ATM owned and operated by Defendants (as defined in ¶ 13, *infra*), which ATM is located at

21   or about Donut Stop, 1418 South Mission Road, Fallbrook, California 92028 (the "Donut Stop

22   ATM"), within one year of the filing of this Complaint, and was charged an ATM surcharge fee by

23   Defendants at the Donut Stop ATM described in this Complaint.

24   10.     Defendant MERRIMAK ATM GROUP, LLC ("Merrimak") is a California

25   corporation authorized and doing business in California, with its principal place of business located

26   at 5420 State Farm Drive, Suite B, Rohnert Park, California 94928.  Merrimak owns and/or operates

27   the Donut Stop ATM.

28

CLASS ACTION COMPLAINT

11. Defendant WORLDPAY US, INC. ("WorldPay") is a Georgia corporation authorized and doing business in California, with its principal place of business located at 600 Morgan Falls Road, Suite 260, Atlanta, Georgia 30350. WorldPay owns and/or operates the Donut Stop ATM.

12. The true names and capacities of defendants sued herein as Does 1 through 10, inclusive, are presently not known to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint pursuant to Federal Rule of Civil Procedure 15 and include the Doe defendants' true names and capacities when they are ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiff and the proposed class as a result of defendants' wanton and illegal conduct.

13. Merrimak, WorldPay, and Does 1 through 10, inclusive, are collectively hereinafter referred to as "Defendants."

## IV.     BACKGROUND

### A.     Electronic Funds Transfer Act

14. "Electronic funds transfer" is defined as "any transfer of funds . . . which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes . . . automated teller machine transactions . . . ." 15 U.S.C. § 1693a(6); *see also* 12 C.F.R. § 205.3(b).

15. Defendants are an "automated teller machine operator" as that term is defined by 12 C.F.R. § 205.16(a), which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made."

16. 15 U.S.C. § 1693b(d)(3)(A) and (B), and the implementing regulation, 12 C.F.R. § 205.16(b) and (c), require an ATM operator who imposes a fee on a consumer for "host transfer services" (an electronic fund transfer or a balance inquiry) to provide notice to the consumer of the fee before the consumer is committed to the transaction. Specifically, 12 C.F.R. § 205.16(b) states:

*General.*  An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:

(1)     Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and

(2)     Disclose the amount of the fee.

17.     15 U.S.C. § 1693b(d)(3)(B), and its implementing regulation, 12 C.F.R. § 205.16(c), specifies the notice to be provided to consumers.  12 C.F.R. § 205.16(c) states:

(c)     *Notice requirement.*  To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:

(1)     *On the machine.*  Post in a prominent and conspicuous location on or at the automated teller machine a notice that:

(i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or

(ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and

(2)     *Screen or paper notice.*  Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

18.     Pursuant to this regulation, the notice physically attached to the ATM must comply with 12 C.F.R. § 205.16(c), either by stating that a fee will be imposed, or if there are circumstances in which a fee will not be imposed, that a fee may be imposed.

19.     15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), provide that no fee may be imposed by an ATM operating in connection with any electronic fund transfer initiated by a consumer for which a notice is required **_unless_** the consumer is provided the notices required pursuant to 12 C.F.R. § 205.16(c).  Specifically, 15 U.S.C. § 1693b(d)(3)(C) states in relevant part:

(C) **Prohibition on fees not properly disclosed and explicitly assumed by consumer.**  No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under

- 4 -

CLASS ACTION COMPLAINT

subparagraph (A), unless – (i) the consumer receives such notice in accordance with subparagraph (B); and (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

Similarly, 12 C.F.R. § 205.16(e) provides that:

(e) *Imposition of fee.* An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if

(1) The consumer is provided the notices required under paragraph (c) of this section, and

(2) The consumer elects to continue the transaction or inquiry after receiving such notices.

20.     In connection with 2006 amendments to the EFTA, the Board of Governors of the Federal Reserve published its Final Rule and official staff interpretation which, *inter alia*, explained the EFTA's disclosure requirements as follows:

The final rule clarifies the ***two-part disclosure scheme established in Section 904(d)(3)(B) of the EFTA. The first disclosure, on ATM signage posted on or at the ATM, allows consumers to identify quickly ATMs that generally charge a fee for use. This disclosure is not intended to provide a complete disclosure of the fees associated with the particular type of transaction the consumer seeks to conduct.*** Until a consumer uses his or her card at an ATM, the ATM operator does not know whether a surcharge will be imposed for that particular consumer. Rather, it is the second, more specific disclosure, made either on the ATM screen or an ATM receipt, that informs the customer before he or she is committed to the transactions whether, in fact, a fee will be imposed for the transaction and the amount of the fee….

71 F.R. 1638, 1656 (emphasis added).

21.     Thus, the statute and regulation require that a physical notice ***must*** be displayed informing consumers that the ATM imposes a surcharge, and that the ATM screen must definitively state that a fee will be imposed, before that fee is imposed.

22.     The EFTA imposes strict liability upon ATM operators that fail to comply with its disclosure requirements. *See Burns v. First American Bank*, 2006 WL 3754820, *6 (N.D. Ill. Dec. 19, 2006). A plaintiff seeking statutory damages under the EFTA need not prove that he or she sustained any actual financial loss, or that he or she relied upon the lack of mandatory disclosure as an inducement to enter into a transaction. *Burns*, 2006 WL 3754820, *6 ("Section 1693b(d)(3)

- 5 -

1  prohibits an ATM operator from charging a fee unless it provides notice of its fee on the machine
2  and on the screen, period, no mention of a necessary scienter.")

3          23.     The notice referenced in 15 U.S.C. § 1693f has no arguable applicability to Plaintiff's
4  claims because, among other things, Plaintiff is not an account holder of Defendants.

5  **B.      Defendants' Conduct**

6          24.     Defendants are ATM operators regulated under the EFTA, 15 U.S.C. § 1693 *et seq.*
7  and 12 C.F.R. Part 205 (Regulation E), as that term is defined in 12 C.F.R. § 205.16(a).

8          25.     Defendants are operators of the Donut Stop ATM located at or about 1418 South
9  Mission Road, Fallbrook, California 92028.

10          26.     Defendants are owners of the Donut Stop ATM located at or about 1418 South
11  Mission Road, Fallbrook, California 92028.

12          27.     The Donut Stop ATM permits consumers to perform electronic fund transfers, as
13  defined in 12 C.F.R. § 205.3.

14          28.     The Donut Stop ATM imposes a fee on consumers who withdraw cash from the
15  Donut Stop ATM.

16          29.     Defendants failed to post on or at the Donut Stop ATM a notice that a fee will be
17  imposed for withdrawing cash or for a balance inquiry, resulting in Defendants' improper imposition
18  of a fee to Plaintiff and other users of the Donut Stop ATM.

19          30.     Defendants' failure to post the required notice on or at the Donut Stop ATM has
20  resulted in frequent and persistent non-compliance with the EFTA.  Said violations of the EFTA
21  have adversely affected hundreds or thousands of consumers.

22          31.     Despite knowing of the ATM fee notice provisions of the EFTA, Defendants have
23  violated the EFTA by failing to post the required ATM fee notice at the Donut Stop ATM and
24  improperly imposing ATM fees.

25          32.     Defendants' non-compliance with the ATM fee notice requirements of the EFTA, and
26  subsequent imposition of a fee on Plaintiff and the members of the proposed class, did not result
27  from a bona fide error.

28

1  **C.     Plaintiff's Electronic Funds Transfers With Defendants**

2      33.     Plaintiff is a consumer as defined in 12 C.F.R. § 205.2(e).

3      34.     Within one year of the filing of this Complaint, Plaintiff used the Donut Stop ATM

4  described in this Complaint in order to conduct an electronic funds transfer involving the withdrawal

5  of cash.

6      35.     The Donut Stop ATM did not have the fee notice required by 15 U.S.C. §

7  1693b(d)(3) and 12 C.F.R. § 205.16, as it did not have any sign affixed to it or in close proximity to

8  it informing consumers that use of the Donut Stop ATM will or may result in an ATM surcharge.

9      36.     Plaintiff was in fact assessed a $1.75 ATM surcharge fee for withdrawing cash from

10  the Donut Stop ATM described in this Complaint.

11                     **V.     CLASS ALLEGATIONS**

12      37.     Plaintiff brings this class action on behalf of himself and all other similarly situated

13  persons pursuant to Rule 23(a), (b)(1), (b)(3) of the Federal Rules of Civil Procedure.  Plaintiff

14  hereinafter sets forth facts and allegations more specifically in support of his class action allegations.

15      38.     With regard to the EFTA claim, Plaintiff seeks to represent a class of similarly

16  situated persons, consisting of (a) all consumers (b) who initiated an electronic funds transfer at the

17  Donut Stop ATM described in ¶ 9, *supra*, and (c) were assessed a fee for withdrawing cash from the

18  Donut Stop ATM described in ¶ 9, *supra*, (d) on or after the date one year prior to the filing of this

19  action and continuing through the trial of this cause or until Defendants are compliant with the

20  EFTA by posting the appropriate notice (the "EFTA Class").

21      39.     With regard to the UCL claim, Plaintiff seeks to represent a class of similarly situated

22  persons, consisting of (a) all consumers (b) who initiated an electronic funds transfer at the Donut

23  Stop ATM described in ¶ 9, *supra*, and (c) were assessed a fee for withdrawing cash from the Donut

24  Stop ATM described in ¶ 9, *supra*, (d) on or after the date four years prior to the filing of this action

25  and continuing through the trial of this cause or until Defendants are compliant with the EFTA by

26  posting the appropriate notice (the "UCL Class") (both the EFTA Class and the UCL Class are

27  collectively referred to as the "Class").

28

1    40.    Congress expressly intended that the EFTA would be enforced, in part, through

2 private class actions.  15 U.S.C. § 1693m(a).

3    41.    Plaintiff is informed and believes, and thereon alleges, that there are at minimum,

4 hundreds of members of the Class.

5    42.    The exact size of the Class and the identities of the individual members thereof are

6 ascertainable through Defendants' records.  Defendants have exclusive control of this information.

7    43.    Members of the Class may be notified of the pendency of this action by techniques

8 and forms commonly used in class actions, such as by published notice, e-mail notice, website

9 notices, first class mail, or combinations thereof, or by other methods suitable to this Class and

10 deemed necessary and/or appropriate by this Court.

11    44.    Defendants can generate data for its Donut Stop ATM identifying each transaction in

12 which a fee was charged.  The data will include the date of the transaction, the amount of the fee and

13 the personal account number ("PAN") for the consumer.  The PAN includes a bank identification

14 number ("BIN").  This information can be used to identify members of the Class.

15    45.    The Class is sufficiently numerous to make bringing all parties before the Court

16 impractical pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure.

17    46.    Plaintiff's claims are typical of the claims of the members of the Class.  The claims of

18 the Plaintiff and members of the Class are based on the same legal theories and arise from the same

19 unlawful conduct.  Plaintiff and Class members seek recovery of statutory, not actual, damages.

20    47.    Plaintiff and members of the EFTA Class were each users of the Donut Stop ATM

21 since the date one year prior to the filing of this action.

22    48.    Plaintiff and members of the UCL Class were each users of the Donut Stop ATM

23 since the date four years prior to the filing of this action.

24    49.    Plaintiff and each member of the Class were illegally charged an ATM fee as a result

25 of Defendants' failure to comply with the ATM fee notice requirements of the EFTA, thereby

26 resulting in common questions of law and fact pursuant to Rule 23(a)(2) of the Federal Rules of

27 Civil Procedure.

28 / / /

1       50.    Plaintiff and each member of the Class received an inadequate notice regarding the

2  imposition of an ATM fee by the Donut Stop ATM.

3       51.    The questions of law and fact common to the Class predominate over questions which

4  may affect individual members, including:

5       (a)    Whether Defendants were at all relevant times during the class period automated

6  teller machine operators which imposed a fee on consumers for providing host transfer services to

7  those consumers;

8       (b)    Whether Defendants are the operators of the Donut Stop ATM;

9       (c)    Whether Defendants complied, at all times during the class period, with the notice

10  requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16; and

11       (d)    Whether Plaintiff and members of the Class are entitled to statutory damages, costs

12  and attorney's fees for Defendants' acts and conduct.

13       52.    Plaintiff can and will adequately and vigorously represent and protect the interests of

14  the members of the Class.  Plaintiff has no interests antagonistic to the members of the Class.

15  Plaintiff has retained counsel able, competent and qualified to prosecute this class action litigation as

16  set forth in Rule 23(a)(4) of the Federal Rules of Civil Procedure.

17       53.    Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the

18  Class.

19       54.    In support of Plaintiff's allegations pursuant to Rule 23(b)(3) of the Federal Rules of

20  Civil Procedure, the Plaintiff avers that a class action is superior to other available means for the fair

21  and efficient adjudication of the claims of the Class.  While the aggregate damages that may be

22  awarded to the members of the Class are likely to be substantial, the damages suffered by the

23  individual members of the Class are relatively small.  As a result, the expense and burden of

24  individual litigation makes it economically infeasible and procedurally impracticable for each

25  member of the Class to individually seek redress for the wrongs done to them.  Plaintiff does not

26  know of any other litigation concerning this controversy already commenced by or against any

27  member of the Class. The likelihood of the individual members of the Class prosecuting separate

28  claims is remote.   Pursuant to Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure

1  individualized litigation would also present the potential for varying, inconsistent, or contradictory

2  judgments, and would increase the delay and expense to all parties and the court system resulting

3  from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class

4  action presents fewer management difficulties, conserves the resources of the parties and the court

5  system, and would protect the rights of each member of the Class.  Plaintiff knows of no difficulty to

6  be encountered in the management of this action that would preclude its maintenance as a class

7  action.

8                                    **VI.   CLAIMS**

9                              **FIRST CLAIM FOR RELIEF**
                              **Against All Defendants for**
10       **Violation of 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. 205 *et seq.***

11       55.     Plaintiff incorporates by reference and realleges each and every allegation contained

12  above, as though fully set forth herein.

13       56.     Plaintiff asserts this claim on behalf of himself and the Class against Defendants.

14       57.     Defendants failed to provide notices to the Plaintiff and the Class as required by 15

15  U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c), and imposed a fee in violation of 15 U.S.C. §

16  1693b(d)(3)(C) and 12 C.F.R. §§ 205.16(b) and (e).

17       58.     15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e),

18  prohibit the imposition and receipt of a fee for conducting an electronic fund transfer unless a notice

19  of the fee is posted in a prominent and conspicuous location on or at the ATM.

20       59.     Defendants imposed and received a fee in violation of 15 U.S.C. § 1693b(d)(3)(C),

21  and its implementing regulation, 12 C.F.R. § 205.16(e).

22       60.     As a result of Defendants' violations of the EFTA, Defendants are liable to Plaintiff

23  and the Class for statutory damages pursuant to 15 U.S.C. § 1693m.

24       61.     As a result of Defendants' violations of the EFTA, Plaintiff and the members of the

25  Class are entitled to recover costs of suit and their reasonable attorney's fees.

26  / / /

27  / / /

28  / / /

CLASS ACTION COMPLAINT

**SECOND CLAIM FOR RELIEF**
**Against All Defendants for**
**Violation of California Bus. & Prof. Code § 17200**

62.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

63.     The California Unfair Business Practices Act defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200. The UCL provides that a Court may order injunctive relief and restitution to affected members of the general public for violations. *Id.* § 17203.

64.     Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful, unfair, and/or fraudulent business acts and practices. If Defendants had complied with EFTA, Plaintiff would not have suffered injury in fact and would not have lost money.

65.     This cause of action is brought on behalf of Plaintiff, members of the Class, and members of the general public pursuant to California Business & Professions Code §§ 17200, *et seq.* Under Business & Professions Code §§ 17200, *et seq.* Plaintiff is entitled to enjoin Defendants' wrongful practices and to obtain restitution for the monies paid to Defendants by reason of Defendants' unlawful, unfair, and/or deceptive acts and practices.

66.     Defendants' actions were knowingly committed and performed with such frequency as to constitute a general business practice.

67.     As a direct and proximate result of Defendants' wrongful acts and practices alleged above, members of the Class and the general public have been wrongfully charged by Defendants. This Court is empowered to, and should, order restitution to all persons from whom Defendants unfairly and/or unlawfully took money.

68.     Defendants' unlawful, unfair, and/or fraudulent business acts and practices, as described above, present a continuing threat to members of the Class and of the general public, in that Defendants are continuing, and will continue, unless enjoined, to commit violations of California Business & Professions Code § 17200. This Court is empowered to, and should, grant preliminary and permanent injunctive relief against such acts and practices.

| | |
|---|---|
| 1 | **REQUEST FOR RELIEF** |

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Class, prays for:

A.     An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing undersigned counsel as Class Counsel;

B.     An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1693m;

C.     A declaration that Defendants' conduct constitutes a violation of California's Business & Professions Code § 17200;

D.     An injunction enjoining, preliminarily and permanently, Defendants from continuing the wrongful conduct alleged herein;

E.     Payment of costs of suit herein incurred pursuant to 15 U.S.C. § 1693m(a)(3);

F.     Payment of reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3); and

G.     For other and further relief as the Court may deem proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

DATED: July 13, 2011                                  /s/ Mark A. Golovach

MARK A. GOLOVACH

PACIFIC COAST LAW GROUP
501 West Broadway, Suite 800
San Diego, California 92101
Telephone: 619/400-4895
Facsimile: 619/684-3601

TRAVIS, CALHOUN & CONLON, P.C.
ERIC G. CALHOUN
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas 75244
Telephone: 972/934-4100
Facsimile: 972/934-4101

*Attorneys for Plaintiff*
*JAMES RAMSEY*

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

James Ramsey, Individually and on Behalf of All Others Similarly Situated

**(b)** County of Residence of First Listed Plaintiff   San Diego County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Pacific Coast Law Group, Mark A. Golovach, 501 W. Broadway, Ste. 800, San Diego, CA 92101 (619) 400-4895

**DEFENDANTS**

Merrimak ATM Group, LLC, WorldPay US, Inc., and Does 1-10, inclusive

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known)

'11CV1545 DMS POR

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☒ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing  15 U.S.C. section 1693, et seq., 12 C.R.F. section 205, et seq.
Brief description of cause:  Defendants' violation of the Electronic Fund Transfer Act and Regulation E.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions)
JUDGE
DOCKET NUMBER

DATE  7/13/2011
SIGNATURE OF ATTORNEY OF RECORD   Mark A. Golovach

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.